UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

**CHRISANDRA LILLY,**
                **Plaintiff,**

v.                                                                                     Case No. 15-cv-1414

**CHILDREN'S HOSPITAL OF WISCONSIN, INC.,**
                **Defendant.**
_____

## DECISION AND ORDER

Pro se plaintiff Chrisandra Lilly filed the complaint in this action against defendant Children's Hospital of Wisconsin on November 25, 2015. Defendant has filed a motion for a more definitive statement, arguing that the complaint is broad, unintelligible, and fails to identify which causes of action she is advancing. Plaintiff has not responded to this motion.

I agree with defendant that it is impossible to make out what claim or claims plaintiff is advancing. She appears to complain about the care provided to her daughter by defendant, but her allegations are rambling and difficult to understand, stating that her daughter was used as a "medical slave" and that she was used to "develop[sic] cloning." Compl. at 2 (ECF No. 1). Additionally, plaintiff's complaint makes very broad, conclusory allegations without alleging any factual support. For example, she broadly alleges "intimidation and harassment" and "medical fraud." *Id.* The complaint indicates that her claims are federal in nature, *id.* at 6, but from the complaint, I cannot make out what federal claim or claims plaintiff is attempting to allege. As such, the complaint fails to comply with Fed. R. Civ. P. Rule 8, which requires a complaint to contain "a short and

plain statement of the claim" which is sufficiently clear to put defendant on notice of the claims against it.

I will order plaintiff to file an amended complaint in this case clearly stating what her federal claim is and containing clear factual allegations that support her claim. Plaintiff should keep in mind that the amended complaint will supersede her original complaint, and thus she should not incorporate or reference the original complaint in any way; in other words, the amended complaint should contain all the information required by Rule 8(a). For plaintiff's convenience, I have included a copy of Rule 8(a) with this order. Additionally, I warn plaintiff that if she fails to comply with this order, I will dismiss her case for lack of diligence under Civil L.R. 41(c), a copy of which I have also included with this order.

**THEREFORE, IT IS ORDERED** that defendant's motion for more definitive statement (ECF No. 4) is **GRANTED**. Plaintiff shall file an amended complaint on or before **June 17, 2016**. If plaintiff fails to do so, her case will be dismissed for lack of diligence under Civil L.R. 41(c).

Dated at Milwaukee, Wisconsin, this 16th day of May, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge

**Federal Rule of Civil Procedure 8:**

**(a) Claim for Relief.** A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

**Civil Local Rule 41:**

**(c) Dismissal for Lack of Diligence.** Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action and Civil L. R. 41(a) or (b) does not apply, the Court may enter an order of dismissal with or without prejudice. Any affected party may petition for reinstatement of the action within 21 days.