# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

CHRISANDRA LILLY,
           **Plaintiff,**

    v.                                **Case No. 15-CV-1414**

CHILDREN'S HOSPITAL OF WISCONSIN, INC.,
           **Defendant.**

---

## DECISION AND ORDER

On November 25, 2015, the plaintiff, Chrisandra Lilly, filed a complaint in this court *pro se*. The defendant, Children's Hospital of Wisconsin, Inc. ("CHW"), filed a motion for a more definite statement under Federal Rule of Civil Procedure 12(e). On May 16, 2016, I granted CHW's motion, saying, "[I]t is impossible to make out what claim or claims plaintiff is advancing." Decision & Order, ECF No. 5, at 1. I ordered Lilly to file an amended complaint no later than June 17, 2016, which she did. Before me now is CHW's motion to dismiss Lilly's amended complaint for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1), (6).

Lilly's amended complaint contains the following factual allegations: (1) various physicians at CHW performed medical procedures on her minor daughter without consent in many cases and without medical justification in others, (2) one physician denied her daughter treatment overnight resulting in a collapsed lung, (3) several physicians committed fraud by stating in a published article about her daughter's treatment that her daughter had received a procedure that was not actually performed,

1

(4) her daughter was made a medical research subject without her knowledge, and (5) CryoLife, Inc. used a product on her daughter that was not FDA-approved.

First, I note that Lilly does not appear to be an attorney and cannot bring claims on her daughter's behalf (or on behalf of her daughter's estate) *pro se. See* 28 U.S.C. § 1654; Fed. R. Civ. P. 17(c); Civil L. R. 83(b) (E.D. Wis.); *Elustra v. Mineo*, 595 F.3d 699, 705–06 (7th Cir. 2010); *Navin v. Park Ridge Sch. Dist. 64*, 270 F.3d 1147, 1149 (7th Cir. 2001); *Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830–31 (7th Cir. 1986)). Any claims that Lilly raises on behalf of her daughter (or her daughter's estate) must be dismissed unless an attorney admitted to practice in this court appears on Lilly's behalf.

Next, CHW argues that Lilly has not sufficiently alleged a basis for subject-matter jurisdiction in this case. *See* Fed. R. Civ. P. 12(b)(1). This is a "facial challenge" to subject-matter jurisdiction. *See Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). "In reviewing a facial challenge, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff." *Id.* (citing *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009)). "[T]o survive a challenge . . . under Rule 12(b)(1), a plaintiff must plead sufficient factual allegations, taken as true, that 'plausibly suggest'" that subject-matter jurisdiction exists. *Berger v. NCAA*, No. 16-1558, 2016 WL 7051905, at *1 (7th Cir. Dec. 5, 2016) (citing *Silha*, 807 F.3d at 174).

In general, federal subject-matter jurisdiction can be premised on a federal question or on diversity of citizenship. *See* 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists over cases "arising under the Constitution, laws, or treaties of the United States." § 1331. Diversity jurisdiction exists where the parties are citizens of

2

different states and the amount in controversy exceeds $75,000. § 1332. Diversity jurisdiction requires "complete diversity," that is, no plaintiff can be a citizen of the same state as any defendant. *Matchett v. Wold*, 818 F.2d 574, 575 (7th Cir. 1987).

I cannot discern a basis for federal question jurisdiction from Lilly's amended complaint. At best, she raises state law tort claims—for medical malpractice, wrongful death, fraud, battery, intentional infliction of emotional distress, etc.—not federal claims. Also, Lilly's amended complaint does not plausibly suggest that diversity jurisdiction exists. Lilly alleges that she is a citizen of Wisconsin. She repeatedly notes CHW's Wisconsin address (9000 West Wisconsin Avenue, Milwaukee, Wisconsin 53226) but does not otherwise allege CHW's citizenship. CHW is the only defendant included in the caption of Lilly's amended complaint. She mentions several other individuals and entities that are not included in the caption but does not allege their citizenship either, and it is not clear whether she is bringing this suit against CHW alone or against these other individuals and entities, as well.

Lilly's amended complaint fails to plausibly suggest that federal subject-matter jurisdiction exists in this case. Lilly has already had an opportunity to amend her pleading to raise cognizable claims over which this court can exercise jurisdiction. She has failed to do so, but I will give her another opportunity. Lilly may file a second amended complaint curing the defects described above by **January 20, 2016**, if she wishes to proceed with this action. If she does not, I will dismiss this action for lack of diligence under this court's Civil Local Rule 41(c). Plaintiff should keep in mind that the second amended complaint will supersede her first amended complaint, and thus, she should not incorporate or reference the first amended complaint in any way.

3

**THEREFORE, IT IS ORDERED** that CHW's motion to dismiss (ECF No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that Lilly's amended complaint is **DISMISSED without prejudice** and **with leave to amend**. Lilly may file a second amended complaint by **January 20, 2017** curing the defects described above. If she does not, I will dismiss this action for lack of diligence under this court's Civil Local Rule 41(c).

**IT IS FURTHER ORDERED** that Lilly may not proceed with any claims on behalf of her daughter or her daughter's estate unless an attorney admitted to practice in this court appears on Lilly's behalf.

Dated at Milwaukee, Wisconsin, this 28th day of December, 2016.

s/ Lynn Adelman

_____
LYNN ADELMAN
District Judge

4